IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KERRY KRUSKAL,

        Plaintiff,

v.                                                                            No. 17cv112 WJ/WPL

KATHY CHANLER and
BERNABE P. STRUCK,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Negligence and/or Gross Negligence, Doc. 1, filed January 23, 2017 ("Complaint"), and on his Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 23, 2017 ("Application"). For the reasons stated below, the Court **GRANTS** Plaintiff's Application and **DISMISSES** this case **with prejudice.**

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). ). "[A]n application to proceed *in forma pauperis* should be evaluated in

light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income from real property and food stamps during the past 12 months was $865.00 and his expected income next month is $1,065.00; (ii) Plaintiff is currently unemployed; (iii) Plaintiff has $200.00 in cash and $200.00 in bank accounts; (iv) Plaintiff's assets include a home valued at $150,000.00, other real estate valued at $400,000.00, and two vehicles valued at $1,000.00 each; and (v) Plaintiff's estimated average monthly expenses total $1,095.00. The Court finds Plaintiff is unable to pay the costs of these proceedings because he is unemployed, and his monthly expenses exceed his monthly income.

**The Complaint**

Plaintiff is suing Defendants pursuant to 42 U.S.C. § 1983 for violating his civil right to due process. *See* Complaint at 4. Both Defendants are employed by the State with the Eighth Judicial District Court in Taos, New Mexico: Defendant Chanler is the "TCAA to Judge McElroy;"[1] Defendant Struck is the "Head Clerk." Complaint at 1-2. After Judge McElroy

---

[1] Trial Court Administrative Assistant is member of Judge's personal staff.

ruled on a case in which Plaintiff was a party, "the clerk made a very rare error, and did not send any copies, of the final decision, to either party." Complaint at 2. Plaintiff is suing Defendant "Chanler because Judge McElroy stated from the bench that this 'rare oversight' was caused by her." Complaint at 3. Plaintiff is suing "Struck, the head clerk, because he may be personally responsible for the failure to give [Plaintiff] notice" of Judge McElroy's decision. Complaint at 3. After not receiving notice of Judge McElroy's decision, Plaintiff missed the deadline to file an appeal, and the "Appellate court refused to hear the case because it was outside the time limitation to file an appeal." Complaint at 3. Plaintiff is confident that on appeal, he would have prevailed on the underlying case and, therefore, "one or both of the clerks are responsible for the damages [Plaintiff] has suffered by not being able to collect from [the opposing party]." Complaint at 3.

**Dismissal under § 1915(e)(2)(B)(iii)**

Plaintiff is proceeding *in forma pauperis* and is thus subject to the requirements of 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(iii), district courts must dismiss an IFP complaint if it "seeks monetary relief against a defendant who is immune from such relief." "Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

Defendants Chanler and Struck were acting as official aides of Judge McElroy and are

3

absolutely immune from Plaintiff's damages claims. The Court dismisses this case with prejudice.

**IT IS ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 23, 2017, is **GRANTED.**

**IT IS ALSO ORDERED** that this case is **DISMISSED with prejudice.**

_____
**UNITED STATES DISTRICT JUDGE**