IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KERRY KRUSKAL,

        Plaintiff,

v.   No. 17cv112 WJ/WPL

KATHY CHANLER and
BERNABE P. STRUCK,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Reconsider, Doc. 6, filed February 2, 2017.

Plaintiff sued Defendants pursuant to 42 U.S.C. § 1983 for violating his civil right to due process. *See* Complaint at 4. Both Defendants are employed by the State with the Eighth Judicial District Court in Taos, New Mexico: Defendant Chanler is the "TCAA to Judge McElroy;"[1] Defendant Struck is the "Head Clerk." Complaint at 1-2. After Judge McElroy ruled on a case in which Plaintiff was a party, "the clerk made a very rare error, and did not send any copies, of the final decision, to either party." Complaint at 2. Plaintiff sued Defendant "Chanler because Judge McElroy stated from the bench that this 'rare oversight' was caused by her." Complaint at 3. Plaintiff sued "Struck, the head clerk, because he may be personally responsible for the failure to give [Plaintiff] notice" of Judge McElroy's decision. Complaint at 3. After not receiving notice of Judge McElroy's decision, Plaintiff missed the deadline to file an appeal, and the "Appellate court refused to hear the case because it was outside the time limitation to file an appeal." Complaint at 3. Plaintiff is confident that on appeal, he would have prevailed

---

[1] Trial Court Administrative Assistant, member of Judge's personal staff.

on the underlying case and, therefore, "one or both of the clerks are responsible for the damages [Plaintiff] has suffered by not being able to collect from [the opposing party]."  Complaint at 3.

The Court dismissed this case with prejudice because Defendants Chanler and Struck were acting as official aides of Judge McElroy and, therefore, are absolutely immune from Plaintiff's damages claims.  *See* Mem. Op. and Order, Doc. 4, filed January 25, 2017.

Plaintiff subsequently filed his Motion to Reconsider now before the Court.  Plaintiff contends that the Defendants do not have immunity because they "committed gross negligence" by taking "independent action, without permission from the judge.  They did not follow the laws.  They did not follow their own rules."  Motion to Reconsider at 2.

The Court will construe Plaintiff's Motion to Reconsider, which he filed within eight days of entry of the Final Order dismissing his case, as a Rule 59(e) motion to alter or amend judgment. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (a motion to reconsider filed within the time limit for filing a motion to alter or amend a judgment, now 28 days after entry of judgment, should be construed as a Rule 59 motion).  "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence."  *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

The Court denies Plaintiff's Motion for Reconsideration because he has not shown any manifest errors of law or presented any newly discovered evidence.  Plaintiff has not cited any legal authority for his proposition that Defendants cannot have immunity because they were grossly negligent.  Furthermore, his proposition is contrary to established case law.  *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in

excess of his authority"); *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process").  The Court understands Plaintiff's frustration over not timely receiving a copy of the state judge' decision in order to file an appeal, but the Doctrine of Judicial Immunity, as articulated by the appellate courts cited above, precludes Plaintiff from proceeding with this lawsuit because the Defendants are immune from suit.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider, Doc. 6, filed February 2, 2017, is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**