IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KERRY KRUSKAL,

        Plaintiff,

v.                                                                                           No. 17cv112 WJ/WPL

KATHY CHANLER and
BERNABE P. STRUCK,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING SECOND MOTION TO RECONSIDER

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Second Motion to Reconsider, Doc. 8, filed March 14, 2017.

Plaintiff sued Defendants pursuant to 42 U.S.C. § 1983 for violating his civil right to due process. *See* Complaint at 4. Plaintiff alleged that Defendants, both of whom are clerks for the Eighth Judicial District Court in Taos, New Mexico, did not give Plaintiff notice of the state district court's final decision against him, which caused Plaintiff to miss the deadline for filing an appeal. *See* Complaint at 1-3.

The Court dismissed this case with prejudice because Defendants Chanler and Struck were acting as official aides of the state district judge and, therefore, are absolutely immune from Plaintiff's damages claims. *See* Mem. Op. and Order, Doc. 4, filed January 25, 2017.

Plaintiff filed his first Motion to Reconsider contending that the Defendants do not have immunity because they "committed gross negligence" by taking "independent action, without permission from the judge. They did not follow the laws. They did not follow their own rules." Motion to Reconsider at 2, Doc. 6, filed February 2, 2017. The Court denied Plaintiff's first Motion for Reconsideration because he had not shown any manifest errors of law or presented any

newly discovered evidence.  *See* Doc. 7, filed March 6, 2017.  Plaintiff did not cite any legal authority for his proposition that Defendants cannot have immunity because they were grossly negligent.  The Court also noted that Plaintiff's proposition is contrary to established case law. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"); *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process").

      Plaintiff subsequently filed his Second Motion to Reconsider which is now before the Court.  Plaintiff argues that granting clerks immunity for their mistakes does not serve the public good and asks this Court to reverse its decision stating:  "Making the clerks personally responsible (at least just this once) will pressure the New Mexico upper courts to correct an unfair law, which should read, 'In the event of clerk error, the statu[t]e is tolled.'"  Second Motion to Reconsider at 3.

      The Court denies Plaintiff's Second Motion to Reconsider for the same reasons it denied his first Motion to Reconsider.  Plaintiff has not shown any manifest errors of law or presented any newly discovered evidence to justify reconsideration, and has not cited any legal authority for his proposition that Defendants should not have immunity.  The Court understands Plaintiff's frustration over the proceedings in state court, however, this Court cannot grant Plaintiff the relief he seeks.  Plaintiff asks this Court for a ruling contrary to established case law from the Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit.  United States Judges swear that they will perform all the duties incumbent upon them under the

Constitution and the laws of the United States.  *See* 28 U.S.C. § 453, Oaths of justices and judges; *Adamson v. Commissioner of Internal Revenue*, 745 F.2d 541, 546 (9th Cir. 1984) ("Federal courts cannot countenance deliberate violations of basic constitutional rights. To do so would violate our judicial oath to uphold the Constitution of the United States.").  The laws of the United States include the case law of the Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit in which this District sits.  The Court cannot and will not issue a ruling that is clearly contrary to case law from the Supreme Court of the United States and the United States Court of Appeals for the Tenth Circuit.  Simply stated, the undersigned U.S. District Judge does not have the authority to grant to Plaintiff the relief he is requesting.  That was the situation when the Court dismissed Plaintiff's complaint, that was the situation when the Court denied Plaintiff's Motion to Reconsider and since the law the Court is required to follow has not changed, this is the situation regarding Plaintiff's Second Motion to Reconsider.

**IT IS ORDERED** that Plaintiff's Second Motion to Reconsider, Doc. 8, filed March 14, 2017, is **DENIED** for the same reasons the Court denied Plaintiff's First Motion to Reconsider and for the same reasons the Court dismissed Plaintiff's Complaint.

_____
**UNITED STATES DISTRICT JUDGE**